XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
NELSON R. RICHARDS
Deputy Attorney General
State Bar No. 246996
 2550 Mariposa Mall, Room 5090
 Fresno, CA  93721
 Telephone:  (559) 705-2324
 Fax:  (559) 445-5106
 E-mail:  Nelson.Richards@doj.ca.gov
*Attorneys for State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| **MICHAEL MARTIN, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA TEACHERS ASSOCIATION, ET AL.,**<br><br>Defendants. | 2:18-cv-08999-JLS(DFMx)<br><br>**STATE DEFENDANTS' MOTION TO DISMISS CLAIMS IN THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: January 25, 2019<br>Time: 10:30 a.m.<br>Courtroom: 10A<br>Judge: Hon. Josephine L. Staton<br>Action Filed: 7/14/2018 |

TO PLAINTIFFS MICHAEL MARTIN, LORI BONNER, PHILIP DAVID GLICK, AND KIMBERLY JOLIE AND THEIR ATTORNEYS OF RECORD:

TAKE NOTICE THAT on Tuesday, January 25, 2019, at 10:30 a.m., or as soon thereafter as this motion may be heard, in Courtroom 10A of the United States District Court for the Central District of California, Southern Division, located at 411 West Fourth Street, Santa Ana, California, the Court will hear the motion to dismiss portions Plaintiff's First Amended Class-Action Complaint, ECF No. 47, filed by Defendants Xavier Becerra, in his official capacity as Attorney General of

the State of California, and the members of the Public Employment Relations Board (PERB), in their official capacities.

The Attorney General and PERB move to dismiss the following claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1):

1. The constitutional challenge in Claim 1 to the agency fee provision in California's Educational Employment Relations Act (*see* FAC ¶¶ 15-26, 84) on the grounds that it is moot; and

2. The constitutional challenge and request for declaratory relief in Claim 4 relating to the procedures for employees to cancel payroll deductions for union membership dues established by Senate Bill 866, 2018 Cal. Stat. ch. 53, (*see* FAC ¶¶ 57-64, 87) on the grounds that Plaintiffs are no longer union members, have not alleged that union-related deductions are being withheld from their paychecks, and therefore lack standing to bring the claim.

This motion is based on this filing, the concurrently filed request for judicial notice and declaration of J. Felix De La Torre, the papers and pleadings on file in this action, and upon such matters as may be presented to the Court at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 28, 2018.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1
Introduction ................................................................................................................ 1
Allegations in the First Amended Complaint ........................................................... 1
Legal Standard .......................................................................................................... 3
Argument .................................................................................................................. 3
    I.    Claim 1 Should Be Dismissed as Moot ....................................... 3
    II.   Claim 4 Should Be Dismissed for Lack of Standing ........................... 7
Conclusion ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page**

CASES

*Abood v. Detroit Bd. of Ed.*
  431 U.S. 209 (1977) ..................................................................................................2

*Canatella v. State of California*
  304 F.3d 843 (9th Cir. 2002) ...............................................................................7, 8

*Colwell v. Dep't of Health & Human Servs.*
  558 F.3d 1112 (9th Cir. 2009) ..................................................................................4

*DeFunis v. Odegaard*
  416 U.S. 312 (1974) ..................................................................................................4

*Enrico's Inc. v. Rice*
  730 F.2d 1250 (9th Cir. 1984) ..................................................................................5

*Janus v. AFSCME, Council 31*
  138 S. Ct. 2448 (2018) ....................................................................................*passim*

*Kokkonen v. Guardian Life Ins. of Am.*
  511 U.S. 375 (1994) ..................................................................................................3

*Lightfoot v. Cendant Mortg. Corp.*
  137 S. Ct. 553 (2017) ................................................................................................3

*Long v. Van de Kamp*
  961 F.2d 151 (9th Cir. 1992) (per curiam) ..............................................................5

*LSO, Ltd. v. Stroh*
  205 F.3d 1146 (9th Cir. 2000) ..................................................................................7

*Martinez v. Wilson*
  32 F.3d 1415 (9th Cir. 1994) ...............................................................................4, 5

*Maya v. Centex Corp.*
  658 F.3d 1060 (9th Cir. 2011) ..................................................................................3

*Moore v. La. Bd. of Elementary & Secondary Educ.*
  743 F.3d 959 (5th Cir. 2014) ....................................................................................5

ii

State Defs.' Motion to Dismiss
FAC (2:18-cv-08999-JLS-DFM)

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Preiser v. Newkirk*
   422 U.S. 395 (1975) .................................................................................. 4

*Rosebrock v. Mathis*
   745 F.3d 963 (9th Cir. 2014) ..................................................................... 5

*Spokeo, Inc. v. Robins*
   136 S. Ct. 1540 (2016) ............................................................................... 7

*White v. Lee*
   227 F.3d 1214 (9th Cir. 2000) .................................................................... 3

*Yohn v. California Teachers Association*
   Case No. 8:17-cv-0202-JLS-DFM (C.D. Cal. Sept. 28, 2018), ECF
   No. 198 ................................................................................................ 5, 6, 7

**STATUTES**

California Education Code
   § 45060(a) ................................................................................................ 3, 9
   § 45060(e) ......................................................................................... 3, 7, 8, 9

California Government Code
   § 1157.12(b) ............................................................................................ 3, 7, 9
   § 3546 .................................................................................................. *passim*
   § 3546.3 ......................................................................................................... 3

Cal. Stat. Chapter 53 ........................................................................................ 2

California's Educational Employment Relations Act ................................... 1

Federal Older Americans Act .......................................................................... 5

**CONSTITUTIONAL PROVISIONS**

United States Constitution
   First Amendment ............................................................................... 1, 2, 4

**COURT RULES**

Federal Rule of Civil Procedure 12(b)(1) .................................................. 3, 4

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**OTHER AUTHORITIES**

Senate Bill 866 ................................................................................................. 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiff Michael Martin is a Riverside County teacher and, until recently, was a member of Defendant California Teachers Association (CTA). He resigned his union membership in June after the Supreme Court issued its decision in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018). Joined by three other public school teachers who also resigned their union membership after *Janus*, Martin brings this action challenging the constitutionality of various statutes governing collective bargaining in California and alleging tort antitrust claims against their former union. Several of the claims alleged in the First Amended Complaint (FAC), ECF No. 47, against the state defendants suffer from fatal jurisdictional defects, and should be dismissed.[1]

The claim that the agency fee provision in California's Educational Employment Relations Act (EERA) violates the First Amendment (Claim 1), should be dismissed as moot. The Attorney General and PERB have both recognized that agency fee laws (also referred to as fair share laws) cannot be enforced after *Janus*. So there is no live dispute between the parties, as at least two other district courts have found in dismissing similar challenges.

In addition, Plaintiffs have all resigned their union membership. They thus lack standing to challenge the statutory procedure for union members to modify or stop membership-fee withholdings from their paychecks (Claim 4).

For these reasons, the motion to dismiss should be granted.

**ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

Plaintiff Martin has taught for more than 34 years. *See* FAC at p. 6. For most of that time, Martin was a member of the California Teachers Association (CTA). *Id.* ¶ 15. He was also a member of the Riverside Teachers Association and the

---

[1] This memorandum refers collectively to the California officials as the "state defendants," and to the CTA and its affiliates as "the CTA."

National Education Association (NEA). *Id.* He is joined in the FAC by Plaintiffs Lori Banner, Philip David Glick, and Kimberly Jolie, who were also members of the CTA and the NEA. *Id.* ¶¶ 3-6, 16.

The FAC alleges that Plaintiffs joined the CTA and paid dues despite opposing its activities because the law required nonmembers to pay fair share fees. *Id.* ¶ 17. Plaintiffs all opposed paying fees to the CTA and its affiliates because they disapproved of the union's political advocacy. *Id.* ¶ 18. Some Plaintiffs claim that they stayed in the union because they were never informed of their right to quit and pay fair share fees. *Id.* ¶ 19. Other Plaintiffs claim they stayed in the union because they preferred paying full dues with voting rights over paying fair share fees with no voting rights. *Id.*

For more than forty years preceding the filing of this action, charging mandatory agency fees to fund the cost of representational activities was consistent with the First Amendment under governing United States Supreme Court precedent. *Abood v. Detroit Bd. of Ed.*, 431 U.S. 209 (1977). In June 2018, the Supreme Court overruled *Abood* in *Janus* and invalidated public-employee agency-fee arrangements. All the Plaintiffs resigned their union membership after the Supreme Court decided *Janus*. FAC ¶ 20.

The FAC alleges several claims against the Attorney General and PERB, two of which are the subject of this motion.[2] Claim 1 alleges that EERA's fair share provision, California Government Code section 3546, violates the First Amendment. FAC ¶¶ 22, 82(b). Claim 4 alleges that Senate Bill 866, 2018 Cal. Stat. ch. 53, which became law on the same day *Janus* issued, violates the First Amendment. FAC ¶¶ 57-64, 87. Among other things, SB 866 established procedures for employees to cancel payroll deductions for union membership dues.

---

[2] This motion to dismiss does not address Claims 2, 3, 6, or 7. The FAC dropped the original Complaint's claim 5. *See* Compl. ¶¶ 59-32, 86, ECF No. 1. The state defendants intend to respond to those claims, to the extent they implicate the State's interests, at a later date.

Under these procedures, "[e]mployee requests to cancel or change authorizations for payroll deductions for employee organizations shall be directed to the employee organization rather than to the governing board." *See* Cal. Educ. Code § 45060(e); Cal. Gov't Code § 1157.12(b). SB 866 also amended several statutes to provide that employees who want to revoke their authorization to have membership dues withheld must do so "in writing." *See, e.g.*, Cal. Educ. Code § 45060(a). The FAC seeks a declaration that e-mail communications satisfy these provisions. FAC ¶ 87(b).

## LEGAL STANDARD

"[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067-68 (9th Cir. 2011). Similarly, whether a case or controversy has become moot, depriving the court of jurisdiction under Article III, is properly raised under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "[A] court's subject-matter jurisdiction defines its power to hear cases." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 560 (2017). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing the court's subject matter jurisdiction. *Id.*

## ARGUMENT

**I. CLAIM 1 SHOULD BE DISMISSED AS MOOT**

Claim 1 raises several legal theories relating to fair share fees, including challenges to the constitutionality of California Government Code section 3546.[3] *See* FAC ¶¶ 15-26, 84. This constitutional challenge should be dismissed as moot.

---

[3] Claim 1 in the FAC omits the constitutional challenge to Government Code section 3546.3, which was alleged in Claim 1 of the original Complaint. *Compare* Compl. ¶ 82(f) *with* FAC ¶ 84.

Under *Janus*, the collection of agency fees from nonunion members without their consent violates the First Amendment, and public employers cannot require nonmembers of a union to pay agency fees to cover the costs of union representation. *See* State Defs.' Req. for Judicial Notice in Supp. of Mot. to Dismiss the FAC (State Defs.' RJN) Ex. 1 at 1-3. On October 11, 2018, PERB adopted a motion approving the June 27, 2018 decision of its General Counsel that the agency will no longer enforce, on a prospective basis, any existing statutory or regulatory provision requiring employees who are not union members to pay an agency fee without having consented to such a fee. Decl. of J. Felix De La Torre in Supp. of State Defs.' Mot. to Dismiss the FAC (De La Torre Decl.) ¶¶ 3-5.[4] This action expressly includes section 3546. *Id.* ¶¶ 3-4. By this motion, the Attorney General and PERB reiterate these positions. Claim 1 thus presents no live Article III controversy between Plaintiffs and the state defendants, and this Court lacks jurisdiction to consider it.

"The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). A controversy must be "definite and concrete" and "touch[] the legal relations of parties having adverse legal interests." *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974). Federal courts are powerless to "decide questions that cannot affect the rights of litigants in the case before them." *Preiser*, 422 U.S. at 401 (quotation marks omitted).

That is the case here. Plaintiffs have not alleged facts showing a "reasonable expectation" that the state defendants will attempt to enforce section 3546 in

---

[4] This Court may consider evidence outside the pleadings when deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See, e.g., Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009).

contravention of *Janus*. Their claims are thus moot.[5] *See Martinez v. Wilson*, 32 F.3d 1415, 1420 (9th Cir. 1994) (holding that lawsuit challenging formula used by a California agency to distribute funds under the federal Older Americans Act was moot because the agency had agreed to change the formula and Congress had amended the act in a way that made it improbable that the challenged factors could be added back into the formula); *see also Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 962-63 (5th Cir. 2014) (holding that challenge to school voucher program was moot because state supreme court had invalidated the law and there was no threat that the program would violate the standing federal consent decree that formed the basis for the plaintiffs' claim).

The analysis does not change because section 3546 remains on the books. Plaintiffs' claims remain moot because the Attorney General and PERB have taken the position that *Janus* unambiguously bars enforcement of the agency fee provisions in that law. *See* State Defs.' RJN Ex. 1 at 1-3; De La Torre Decl. ¶¶ 3-5. Public officials' cessation of challenged conduct moots a case where it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014); *Martinez,* 32 F.3d at 1420 (noting that a "case is moot and our jurisdiction abates" when "there is no reasonable expectation that the alleged violation will recur, and interim . . . events have eradicated the effects of the alleged violation"); *Enrico's Inc. v. Rice*, 730 F.2d 1250, 1254 (9th Cir. 1984) ("Where events have occurred that prevent us from granting effective relief, we lack jurisdiction and must dismiss the appeal.").

---

[5] For the same reason, the constitutional challenge in Claim 1 is barred by the sovereign immunity doctrine. To invoke the *Ex parte Young* exception to sovereign immunity, "there must be a threat of enforcement." *See Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) (per curiam).

1   This Court held in *Yohn v. California Teachers Association*, Case No. 8:17-cv-
2   0202-JLS-DFM (C.D. Cal. Sept. 28, 2018), ECF No. 198, that this standard was
3   satisfied on virtually identical facts and claims.[6] In *Yohn*, which was filed before
4   *Janus* was decided, the plaintiffs challenged the same fair share fees that Plaintiffs
5   challenge here, naming the CTA and Attorney General, among others, as
6   defendants. *See Yohn*, slip op. at 1. The day *Janus* was decided, the CTA and other
7   union defendants mailed notices to all school district and county superintendents
8   for school districts and community colleges employing their bargaining unit
9   members notifying them that the unions would "immediately comply with *Janus*
10  and would no longer accept agency fees and told all public employers to cease
11  agency fee collection." *Id.* In the following days, they sent notices to fair share
12  employees informing them that the unions "would immediately comply with *Janus*,
13  [that] they were not required to pay any agency fees, and that any agency fees they
14  had already paid pre-*Janus* for periods after *Janus* would be refunded to them." *Id.*
15  This Court also noted that the "California Attorney General agrees that *Janus*
16  controls the collection of agency fees in California, stating that it is 'unambiguous'
17  that collecting such fees is now unconstitutional." *Id.* at 2.
18  This Court concluded that "all parties agree that *Janus* controls the . . .
19  resolution of this case . . . ." *Id.* It held that the plaintiffs' claim was moot and had
20  to be dismissed for lack of subject matter jurisdiction because the "challenged
21  conduct of collecting agency fees cannot be reasonably expected to recur." *Id.* at 7.
22  In reaching this conclusion, the court followed another on-point district court
23  decision, *Danielson v. Inslee*, Case No. 3:18-cv-05206-RJB, 2018 WL 3917937
24  (W.D. Wash. Aug. 16, 2018). *See Yohn*, slip op. at 5. *Danielson* employed the
25  same analysis and reached the same result. *See* 2018 WL 3917937, at *2-3 ("[T]he

---

[6] At the time of filing this motion, this Court's decision does not appear to be available on either of the two major commercial electronic databases, Westlaw and Lexis. A copy is attached as exhibit 2 to the state defendants' request for judicial notice.

1    Court finds that there is no evidence that the State has equivocated in its policy
2    change to discontinue collecting agency fees. . . . [B]ecause the State Defendants
3    have met their burden to show that the challenged agency fees cannot reasonably be
4    expected to recur, Plaintiffs' claims are moot.").
5        For purposes of the constitutional challenge to section 3546 in this case,
6    Plaintiffs are in the same position as the plaintiffs in *Yohn* and *Danielson*, and its
7    challenge should be dismissed as moot.

8    **II.    CLAIM 4 SHOULD BE DISMISSED FOR LACK OF STANDING**

9        As discussed above, SB 866 added provisions to the California Education
10   Code and Government Code providing that "[e]mployee requests to cancel or
11   change authorizations for payroll deductions for employee organizations shall be
12   directed to the employee organization rather than to the governing board." *See* Cal.
13   Educ. Code § 45060(e); Cal. Gov't Code § 1157.12(b). Plaintiffs argue that these
14   provisions are "unconstitutional, because a public employer must immediately
15   cease union-related payroll deductions upon learning that an employee has
16   withdrawn his 'affirmative consent' to those assessments . . . ." FAC ¶ 59.
17   However, because Plaintiffs have alleged that they are no longer union members
18   and have no intention of rejoining a union, they cannot allege an injury in fact, and
19   they therefore lack standing to raise the challenge.
20       The doctrine of standing ensures that "that federal courts do not exceed their
21   authority as it has been traditionally understood." *Spokeo, Inc. v. Robins*, 136 S. Ct.
22   1540, 1547 (2016). It "limits the category of litigants empowered to maintain a
23   lawsuit in federal court to seek redress for a legal wrong." *Id.* To satisfy this
24   "irreducible constitutional minimum," plaintiffs must have "(1) suffered an injury
25   in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and
26   (3) that is likely to be redressed by a favorable judicial decision." *Id.*
27       An injury in fact is an injury that is "concrete and particularized" and that
28   affects a party "in a personal and individual way." *Id.* at 1548 (quotation marks

omitted). "When plaintiffs seek to establish standing to challenge a law or regulation that is not presently being enforced against them, they must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154 (9th Cir. 2000); *Canatella v. State of California*, 304 F.3d 843, 852 (9th Cir. 2002) ("In the particular context of injunctive and declaratory relief, a plaintiff must show that he has suffered or is threatened with a concrete and particularized legal harm coupled with a sufficient likelihood that he will again be wronged in a similar way." (internal citation and quotation marks omitted)).

All plaintiffs have resigned their union membership. FAC ¶ 20. The FAC alleges facts regarding Plaintiff Martin's resignation. *See id.* ¶¶ 60-61. He sent an e-mail to a credential analyst at the Riverside Unified School District on July 6, 2018, stating that he had resigned his membership. *Id.* ¶ 60. He alleges that despite this request, section 45060(e) "instructs the school district to continue diverting [his] paycheck toward the union." *Id.* ¶¶ 60-61. He contends that these facts give him standing. *Id.* ¶ 64. But he has not alleged that dues are still being withheld from his paycheck or that he will be forced to use the procedure outlined in section 45060(e) in the future. *See generally* FAC ¶¶ 57-64. The FAC alleges no facts relating to the other named Plaintiffs' resignation or current status, other than that they have resigned. *See id.* ¶ 20. None of the Plaintiffs thus has alleged an injury in fact that would give him or her standing to raise—or this Court jurisdiction to consider—the claim.

Plaintiffs' position stands in contrast to the plaintiff in *Canatella*, 304 F.3d 843. There, the plaintiff, an attorney who had been subject to several disciplinary proceedings, brought constitutional challenges to various statutes and rules governing attorney conduct. *Id.* at 848 & n.3. The district court held that the plaintiff lacked standing because he could not show that the statutes would apply to him in the future. *Id.* at 852. The Ninth Circuit reversed, finding "a strong

likelihood [that the plaintiff] may again face discipline under the challenged provisions," making the threat of injury "not merely hypothetical and conjectural, but actual." *Id.* at 853. Plaintiffs face no similar threat, and any chance that they might have to follow the procedures in section 45060(e) in the future is not actual, but merely hypothetical and conjectural. *See id.*

Plaintiffs' challenge to section 45060(e) and Government Code section 1157.12(b) thus should be dismissed for lack of standing. Similarly, this Court should dismiss the request for declaratory relief in Claim 4 relating to the various statutes amended by SB 866 to provide that employees who want to revoke their authorization to have funds withheld must do so "in writing." *See, e.g.*, Cal. Educ. Code § 45060(a). Plaintiffs ask the court to declare that these requirements may be satisfied by using e-mail. FAC ¶ 87(b). The FAC alleges that Martin used e-mail in his communications with the Union, and does not allege that he was rebuffed. *See id.* ¶ 60.

## CONCLUSION

For the foregoing reasons, the state defendants respectfully request that this Court grant their motion to dismiss the constitutional challenges to state statutes in Claims 1 and 4.

Dated: December 5, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General


/s/ Nelson Richards
NELSON R. RICHARDS
Deputy Attorney General
*Attorneys for State Defendants*