1  XAVIER BECERRA
   Attorney General of California
2  TAMAR PACHTER
   Supervising Deputy Attorney General
3  NELSON R. RICHARDS
   Deputy Attorney General
4  State Bar No. 246996
     2550 Mariposa Mall, Room 5090
5    Fresno, CA  93721
     Telephone:  (559) 705-2324
6    Fax:  (559) 445-5106
     E-mail:  Nelson.Richards@doj.ca.gov
7  *Attorneys for State Defendants*

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                    SANTA ANA DIVISION

11

12

| | |
|---|---|
| **MICHAEL MARTIN, ET AL.,** | 2:18-cv-08999-JLS(DFMx) |
| Plaintiffs, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
| **v.** | |
| **CALIFORNIA TEACHERS ASSOCIATION, ET AL.,** | Date:      March 29, 2019 |
| | Time:      10:30 a.m. |
| Defendants. | Courtroom:  10A |
| | Judge:      Hon. Josephine L. Staton |
| | Action Filed: 7/14/2018 |

1    **REQUEST FOR JUDICIAL NOTICE**

2         Defendants Xavier Becerra, in his official capacity as Attorney General of the

3    State of California, and the members of the Public Employment Relations Board

4    (PERB), in their official capacities (the state defendants), respectfully request that

5    this Court take judicial notice, pursuant to Federal Rule of Evidence 201(c)(2), of

6    the documents attached to the accompanying declaration of counsel.  Exhibit 1 to

7    the declaration is relevant to the claims in this case because it reflects the position

8    of the Attorney General in a case raising virtually identical issues.  Exhibit 2 is

9    relevant because it is this Court's ruling in that same case.

10        Federal Rule of Evidence 201(b) provides that a judicially noticed fact must be

11   one "not subject to reasonable dispute" because it is either (1) generally known

12   within the territorial jurisdiction of the trial court; or (2) capable of accurate and

13   ready determination by resort to sources whose accuracy cannot be readily

14   questioned.  Fed. R. Evid. 201(b).  Documents filed in other district courts are

15   subject to judicial notice because they are matters of public record and are capable

16   of accurate and ready determination.  *See, e.g.*, *Duckett v. Godinez*, 67 F.3d 734,

17   741 (9th Cir. 1995) ("We may take judicial notice of proceedings in other courts,

18   whether in the federal or state systems."); *Reyn's Pasta Bella, LLC v. Visa USA,*

19   *Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs filed in

20   another case); *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 857 n.1 (9th Cir.

21   2008) ("We take judicial notice of the bankruptcy court order, because it is a matter

22   of public record.").

1      Exhibits 1 and 2 are filings in *Yohn v. California Teachers Association*, Case

2  No. 8:17-cv-0202-JLS-DFM (C.D. Cal.). This Court can thus take judicial notice of

3  those documents.

4

5  Dated:  February 27, 2019               Respectfully Submitted,

6                                           XAVIER BECERRA
Attorney General of California

7                                         TAMAR PACHTER
Supervising Deputy Attorney General

8

9

10                                     /s/ Nelson Richards
NELSON R. RICHARDS

11                                     Deputy Attorney General
*Attorneys for State Defendants*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RJN in Supp. of State Defs.' Mot.
to Dismiss FAC (2:18-cv-08999-JLS-DFM)

**DECLARATION OF NELSON R. RICHARDS**

I, NELSON R. RICHARDS, declare:

1.     I am a Deputy Attorney General with the California Department of Justice, Office of the Attorney General, and an attorney for the state defendants in this matter.  I am an attorney at law duly licensed to practice before all courts of the State of California and admitted to practice before the United States District Court for the Eastern District of California.  I have personal knowledge of the facts set forth below and if called as a witness, I could and would competently testify to them.

2.     This declaration is made in connection with the request for judicial notice in support of the state defendants' motion to dismiss the First Amended Complaint.

3.     Exhibit 1 is a true and correct copy of the motion to dismiss filed by the California Attorney General Xavier Becerra in *Yohn v. California Teachers Association*, Case No. 8:17-cv-0202-JLS-DFM (C.D. Cal. July 23, 2018), ECF No. 184.  I downloaded a copy of this document from the court's Case Management/Electronic Case Files system.

4.     Exhibit 2  is a true and correct copy of the district court's order granting the defendants' motions to dismiss in *Yohn v. California Teachers Association*, Case No. 8:17-cv-0202-JLS-DFM (C.D. Cal. Sept. 28, 2018), ECF No. 198.  I downloaded a copy of this document from the court's Case Management/Electronic Case Files system.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

 Executed on:  February 27, 2019

/s/ Nelson Richards
NELSON R. RICHARDS
Deputy Attorney General

# EXHIBIT 1

1   XAVIER BECERRA
    Attorney General of California
2   TAMAR PACHTER
    Supervising Deputy Attorney General
3   PETER H. CHANG
    Deputy Attorney General
4   State Bar No. 241467
      455 Golden Gate Avenue, Suite 11000
5     San Francisco, CA  94102-7004
      Telephone:  (415) 510-3776
6     Fax:  (415) 703-1234
      E-mail:  Peter.Chang@doj.ca.gov
7   *Attorneys for Defendant Xavier Becerra*

8                   IN THE UNITED STATES DISTRICT COURT

9                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                          SOUTHERN DIVISION

11

12

| | |
|---|---|
| 13  **RYAN YOHN, et al.,** | 8:17-cv-00202-JLS-DFM |
| 14  Plaintiffs, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO** |
| 15  **v.** | **DISMISS** |
| 16  **CALIFORNIA TEACHERS ASSOCIATION, et al,** | Date:        Aug. 24, 2018 |
| 17  Defendants. | Time:        2:30 p.m. Courtroom:   10A |
| 18  | Judge:       The Honorable Josephine L. Staton |
| 19  | Trial Date:  N/A Action Filed: April 24, 2017 |

20

21

22

23

24

25

26

27

28

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 24, 2018, at 2:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10a of the above-titled court, located at 411 W. Fourth St., Santa Ana, California 92701, defendant Xavier Becerra, in his capacity as the Attorney General of the State of California, shall move, and hereby does move this Court for an order under Federal Rule of Civil Procedure 12(h)(3) dismissing all claims of the Complaint.

This motion is and will be made on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' claims. Plaintiffs' claims have been mooted by the Supreme Court's recent holding in *Janus v. AFSCME, Council 31*, 138 S.Ct. 2448 (2018). There is no longer any Article III "case or controversy" between the parties.

This motion is made following the conference of counsel under C.D. Cal. L.R. 7-3, which took place on July 6, 2018.

This motion to dismiss is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the pleadings and papers on file, and upon such further evidence, both oral and documentary, as may be offered at the time of the hearing.

Dated: July 23, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

/s/ Peter H. Chang

PETER H. CHANG
Deputy Attorney General
*Attorneys Defendant Xavier Becerra*

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT ATTORNEY GENERAL'S
## MOTION TO DISMISS

## INTRODUCTION

Plaintiffs are public-school teachers who alleged that, under state law, U.S. Supreme Court precedent, and applicable agreements prevailing at the time when they initiated this action, they were required to pay agency fees to support the unions that bargain and resolve grievances on their behalf. Plaintiffs asserted that requiring them to contribute to unions without their consent violated their First Amendment rights. Last month, the Supreme Court overruled prior precedent and held in *Janus v. AFSCME, Council 31* that state laws that permit public employers to collect agency fees violate the First Amendment, and that a public employer therefore cannot deduct agency fees from a nonunion member's wages unless the employee consents. As a result of this change in the governing law, the collection of agency fees ended.

The Court should now dismiss this case for lack of jurisdiction because *Janus* has rendered it moot. This case is moot because the Court can no longer grant effective relief to Plaintiffs, who seek only prospective declaratory and injunctive relief in this action, beyond what they received under *Janus*. All parties agree that *Janus* resolved Plaintiffs' claims by overruling prior precedent. Under *Janus*, neither Plaintiffs' employers nor their exclusive bargaining representatives can require them to pay agency fees without their affirmative consent. This case is also moot because once *Janus* issued, public employers immediately stopped withholding agency fees, and there is no reason to believe that they will resume doing so in the future. There is no longer any case or controversy among the parties. The Court should dismiss this case for lack of jurisdiction.

**STATEMENT OF FACTS**

I.   **PLAINTIFFS' CLAIMS AND RELIEF SOUGHT**

Plaintiffs are public-school teachers in various school districts in California and an organization that represents nonunion professional educators. Complaint, ¶¶ 10-18, ECF No. 1. The individual Plaintiffs had either resigned their union membership or were never union members, and had opted out of paying the nonchargeable expenditures, which include for activities not related to the union's representational activities. Complaint, ¶¶ 10-16. Plaintiffs alleged that the State, the public school districts, and defendant teachers' unions and school officials required each Plaintiff to make financial contributions, often referred to as agency fees, to his or her respective union as a condition of public employment. Complaint, ¶¶ 2, 45; *see* Cal. Gov't Code § 3546.

Plaintiffs asserted that California's agency-fee laws violated their rights to free speech and association under the First and Fourteenth Amendments in two ways. First, Plaintiffs claimed that the laws violated their rights by requiring them to make financial contributions to support unions. Complaint, at ¶¶ 95-97. Second, Plaintiffs claimed that the laws violated their rights because they had to opt out on an annual basis to avoid contributing to nonchargeable union expenditures. *Id.* ¶ 100. Specifically, Plaintiffs asserted that the requirement that they pay for nonchargeable expenditures absent annual opt-out burdened their First Amendment rights and was therefore unconstitutional. *Id.* ¶ 91.

Plaintiffs sought only prospective declaratory and injunctive relief. They requested a declaration that California's agency-fee laws violated their First Amendment rights. Complaint, ¶ 32. Plaintiffs further sought an injunction barring Defendants from requiring payment of agency fees. *Id.* at ¶ 33.

## II. THE SUPREME COURT'S HOLDING IN *JANUS V. AFSCME COUNCIL 31*

On June 28, 2018, the Supreme Court decided *Janus v. AFSCME, Council 31*, 138 S.Ct. 2448 (2018). *Janus* resolved the issues raised by Plaintiffs' complaint. The Court overruled prior, controlling Supreme Court precedent, and held that Illinois' agency-fee laws, under which agency fees were automatically deducted from the wages of nonunion member, without nonunion members' consent, "violate[d] the First Amendment and cannot continue." *Janus*, 135 S.Ct. at 2486. The Court concluded that agency-fee laws "violate[] the free speech rights of nonmembers by compelling them to subsidize private speech on matters of substantial public concern." *Id.* at 2460. It further held: "Neither an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Id.* at 2486.

All parties agree that *Janus* resolved both of the Plaintiffs' claims. July 9, 2018, Joint Status Report at 1-4, ECF No. 182. As Plaintiffs acknowledge, the Supreme Court held in *Janus* that "both the practices at issue in this case—the agency shop and opt-out requirement—'violate the First Amendment.'" *Id.* at 1.

## PROCEDURAL HISTORY

Plaintiffs filed their Complaint on February 6, 2017. ECF No. 1. Before Defendants filed any responsive pleading, Plaintiffs moved for judgment on the pleadings seeking entry of judgment against themselves. Mot. for J. on the Pleadings, ECF No. 97. Plaintiffs acknowledged that then-binding Supreme Court and Ninth Circuit precedent (since overruled by *Janus*) upheld the constitutionality of collecting agency fees from public employees. Pls.' Reply in Supp. of Mot. for J. on the Pleadings, ECF No. 116 at 1. The Court denied the motion. Order on Mot. for J. on the Pleadings, ECF No. 125. While Plaintiffs' motion was pending, the Attorney General answered the Complaint. ECF No. 109.

After the Supreme Court granted certiorari in *Janus*, the Union Defendants moved to stay proceedings in this case pending the Supreme Court's resolution of *Janus*. Mot. to Stay Case, ECF No. 150. This Court granted the motion and ordered the parties to file a status report within 10 days after the Supreme Court issued its decision in *Janus*. Order Granting Mot. to Stay Proceedings at 5, ECF No. 180. The Supreme Court issued its decision in *Janus* on June 27, 2018. The parties filed their status report on July 9, 2018. ECF No. 182.

## LEGAL STANDARD

Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "No principle is more fundamental to the judiciary's proper role in our system of government" than that jurisdictional requirement. *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 597-98 (2007) (quotation and quotation marks omitted). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the [defendant] and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1988).

"The only constitutional mootness question is whether a live controversy remains at the time [the] court reviews the case." *Pomerantz v. Cty. of Los Angeles*, 674 F.2d 1288 (9th Cir. 1982) (quotation and brackets omitted). "Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue through its existence (mootness)." *Foster v. Carson*, 347 F.3d 742 (9th Cir. 2003) (quotation omitted). "Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Id.* (quotation omitted). "If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be

dismissed for lack of jurisdiction." *Id.* (quotation omitted); *see Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005).

## ARGUMENT

## I. JANUS RENDERED THIS CASE MOOT

All parties agree that *Janus* resolved the claims alleged in this case. July 9, 2018, Joint Status Report at 1-4, ECF No. 182. Under settled law, the case is moot because there is no longer any case or controversy to resolve. Plaintiffs seek no relief beyond that which *Janus* provided. Additionally, there is no reasonable expectation after *Janus* that Defendant public employers would require agency fees. Therefore, the Court must dismiss this case for lack of jurisdiction.

### A. The Court Cannot Grant Effective Relief to Plaintiffs

The Court must dismiss this case as moot because *Janus* resolved Plaintiffs' claims, and the Court cannot grant effective prospective relief. When, like here, issues in a pending case are resolved by an intervening decision that leaves the court no ability to grant effective relief, the case must be dismissed as moot. *Foster v. Carson*, 347 F.3d 742, 746 (9th Cir. 2003); *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."); *Enrico's Inc. v. Rice*, 730 F.2d 1250, 1254 (9th Cir. 1984) ("Where events have occurred that prevent us from granting effective relief, we lack jurisdiction and must dismiss the appeal.").

The Ninth Circuit's decision in *Enrico's* is controlling here. There, a café owner sued the California Department of Alcoholic Beverage Control to invalidate a price-posting scheme established by California statute and regulation. *Enrico's*, 730 F.2d at 1252. After the parties filed cross motions for summary judgment in federal district court, the California Court of Appeal issued a decision in another case holding that the challenged price-posting procedure was invalid. *Id.* at 1252-

53. The district court entered judgment in favor of the state, and certified the question to the Ninth Circuit. *Id.* at 1252-53. Thereafter, the California Supreme Court denied review of the state court case, and the Department of Alcoholic Beverage Control issued a bulletin stating that it would no longer enforce the challenged scheme. *Id.* at 1253. On appeal, the Ninth Circuit held that it lacked the authority to adjudicate the case. It dismissed the appeal as moot, vacated the district court's judgment, and instructed the district court to dismiss the complaint. *Id.* at 1255.

With regard to the plaintiff's request for injunctive relief, the Ninth Circuit held that because the California Court of Appeal decision compelled the state to cease enforcement, the state agency's enforcement of the pricing procedure could not reasonably be expected to recur. *Enrico's*, 730 F.2d at 1253. Significantly, the Ninth Circuit held that dismissal of the appeal was required because it could not grant effective relief. *Id.* at 1254. The court reasoned that were it to reverse the district court and hold in plaintiff's favor, plaintiff "would receive no relief beyond that already provided" by the California Court of Appeal's decision. *Id.* For the same reasons, the Ninth Circuit concluded that plaintiff's claim for declaratory relief was moot. *Id.* at 1255. "There simply does not exist a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (citation and internal quotation marks omitted).

Under *Enrico's*, this case is moot. A victory here would provide Plaintiffs with no relief beyond that provided by the Supreme Court in *Janus.* Under *Janus*, the collection of agency fees from nonunion members without their consent violates the First Amendment. *Janus*, 135 S.Ct. at 2486. As the Supreme Court clearly stated, "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Id.* Under

*Janus*, Defendants can no longer collect agency fees.[1]  *Janus* has provided the relief Plaintiffs seek, and has rendered this case moot.  *See also Thomas v. McDowell*, CV-16-06870-JLS-JDE, 2017 WL 3167399, at *2 (C.D. Cal. Apr. 18, 2017), *report and recommendation adopted*, CV-16-06870-JLS-JDE, 2017 WL 3151106 (C.D. Cal. July 21, 2017) (holding that an intervening California Court of Appeal decision granted relief to petitioner and rendered the petition moot).

Plaintiffs argue that the case is not moot because the California statutes and regulations that allow the imposition of agency fees and opt-out requirements "remain on the books."  July 9, 2018, Joint Status Report at 2, ECF No. 182.  But a judgment in this case would not remove those laws from the books, nor do those laws need to be wiped from the code to afford Plaintiffs relief.  *Janus* is binding Supreme Court authority, and prevents public employers from requiring nonmembers to pay compulsory agency fees as a condition of employment.  *See Enrico's*, 730 F.2d at 1253 (California state agency was legally compelled to discontinue its price-posting scheme after a Court of Appeal held the challenged scheme to be invalid) (citations omitted).  A court's "role is not to provide a belt-and suspenders opinion on a downstream controversy."  *Kittell v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010).  An order stating that *Janus* applies to Defendants "would simply reiterate a fact that is not in dispute."  *Id.*  The case no longer involves a live controversy.  There is nothing remaining for the court to decide.  This case is moot.

---

[1] The Union Defendants have confirmed their position that, under *Janus*, public employers cannot require nonmembers of a union to pay agency fees to cover the costs of union representation, and Plaintiffs are no longer required to pay agency fees.  July 9, 2018, Joint Status Report at 2, ECF No. 182.  Union Defendants further confirmed that they are no longer accepting agency fees.  *Id.*

**B. There Is No Reason to Believe that Plaintiffs' Claimed Injuries Could Recur**

This case is also moot because there is no reasonable expectation that public employers would deduct agency fees without the affirmative consent of nonunion members. And Plaintiffs do not suggest otherwise. A court loses jurisdiction over a case due to mootness if (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979). When these conditions are satisfied "neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." *Id.* Both conditions are satisfied in this case.

First, the holding of *Janus* is clear: deduction of agency fees from nonunion members without affirmative consent violates the First Amendment "and cannot continue." *Janus*, 135 S.Ct. at 2486. In light of this unambiguous holding, there is no reasonable expectation that any public employer would attempt to enforce laws that provide for the deduction of agency fees from nonunion members absent their affirmative consent.

Second, *Janus* invalidated public-employee agency-fee arrangements. Defendant teachers' unions and school districts can no longer enforce provisions of agreements that require nonunion members to pay agency fees. The Union Defendants have confirmed that school districts have been advised to stop payroll deductions of agency fees and that they are no longer accepting agency fees. July 9, 2018, Joint Status Report at 3, ECF No. 182.

The satisfaction of these two conditions shows that none of the parties in this suit has a legally cognizable interest remaining in this case. Thus, the Court must dismiss this case for lack of jurisdiction.

1 **CONCLUSION**

2     For the reasons provided above, Plaintiffs' claims should be dismissed.

3

Dated: July 23, 2018                         Respectfully submitted,

4

5                                           XAVIER BECERRA
                                          Attorney General of California
                                          TAMAR PACHTER

6                                           SUPERVISING DEPUTY Attorney General

7                                           /s/ Peter H. Chang

8                                           PETER H. CHANG
                                          Deputy Attorney General

9                                           *Attorneys for Defendant Xavier Becerra*

10  SA2017106868

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 17-202-JLS-DFM                    Date:  September 28, 2018
Title:  Ryan Yohn, et al., v. California Teachers Association, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                            N/A    
Deputy Clerk                                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
  Not Present                                                 Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER (1) GRANTING DEFENDANTS'
MOTIONS TO DISMISS (Docs. 184, 185); AND (2) DENYING
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS
MOOT (Doc. 186)**

Before the Court are Motions to Dismiss filed by both the Union Defendants and
California Attorney General Xavier Becerra.[1]  (AG MTD, Doc. 184; Union MTD, Doc.
185.)  Plaintiffs[2] opposed, and the Union Defendants and the Attorney General filed
separate replies.  (Plaintiffs MTD Opp., Doc. 189; Union MTD Reply, Doc. 192; AG
MTD Reply, Doc. 193.)  Also before the Court is Plaintiffs' Motion for Summary
Judgment.  (Plaintiffs SJ Mot., 186.)  The Union Defendants and the Attorney General
filed separate oppositions and the Plaintiffs replied.  (Union SJ Opp., Doc. 191; AG SJ
Opp., Doc. 190; Plaintiffs SJ Reply, Doc. 194.)  Having considered the parties' briefs
and oral arguments, and having taken the matter under submission, the Court GRANTS
Defendants' Motions to Dismiss without prejudice and DENIES Plaintiffs' Motion for
Summary Judgment as moot.

---

[1] Defendants in this case are the California Teachers Association; the National Education
Association; several local teachers' unions in California; the superintendents of the school
districts in which the individual Plaintiffs work; and California Attorney General Xavier Becerra.
The "Union Defendants" refers to the teachers' union that are parties to this action; the
California Teachers Association; the National Education Association; the Westminster Teachers
Association; the Eureka Union Teachers Association; the Porterville Educators Association; the
San Juan Teachers Association; the Carlsbad Unified Teachers Association; and the Riverside
City Teachers Association.
[2] Plaintiffs are Ryan Yohn, Michelle Raley, Stacy Vehrs, Robert Vehrs, Darren Miller,
Bruce Aster, Allen Osborn, and the Association of American Educators.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 17-202-JLS-DFM                              Date:  September 28, 2018
Title:  Ryan Yohn, et al., v. California Teachers Association, et al.

_____

## I.   BACKGROUND

On February 6, 2017, Plaintiffs filed a complaint challenging the use of agency fee arrangements in public-school teacher unions in the state of California.  (Compl. ¶ 2, Doc. 1.)  Plaintiffs seek prospective relief in the form of a declaratory judgment and injunction barring Defendants from collecting mandatory agency fees and from using an opt-out system for the nonchargeable portion of such fees.  (*Id.* ¶¶ 94–101.)  In their complaint, Plaintiffs acknowledged binding Supreme Court and Ninth Circuit precedent that upheld both practices.  (*Id.* ¶ 92.)  *See Abood v. Detroit Board of Education*, 431 U.S. 209 (1977); *Mitchell v. Los Angeles Unified School District*, 963 F.2d 258 (9th Cir. 1992).  As such, "stare decisis may restrict the ability of lower federal courts to grant Plaintiffs the relief they seek."  (*Id.*).

On November 13, 2017, the Court stayed the proceedings pending resolution of *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018).  (Doc. 180.)  On June 27, 2018, the Supreme Court decided *Janus* and overruled *Abood* and its progeny, holding that no form of payment to a union, including agency fees, can be deducted or attempted to be collected from an employee without the employee's affirmative consent.  *Janus*, 138 S. Ct. at 2486.

The day that *Janus* was decided, the Union Defendants mailed notices to all District and County Superintendents for districts and community colleges employing their bargaining unit members.  (Pan Decl. ¶ 9, Doc. 185-2.)  The notices announced that the Union Defendants would immediately comply with *Janus* and would no longer accept agency fees and told all public employers to cease agency fee collection.  (*Id.*)  The Union Defendants also mailed notices to fee payers between June 28 and July 2, 2018, notifying them that the Union Defendants would immediately comply with *Janus*, they were not required to pay any agency fees, and that any agency fees they had already paid pre-*Janus* for periods after *Janus* would be refunded to them.  (*Id.* ¶ 10.)  Fees had already been collected for post-*Janus* pay periods because agency fees are set annually at the start of the school year.  (Supp. Pan Decl. ¶ 4, Doc. 191-3.)  But, the Union Defendants anticipated a possible adverse decision in *Janus* and "deposited the amount

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 17-202-JLS-DFM                    Date:  September 28, 2018
Title:  Ryan Yohn, et al., v. California Teachers Association, et al.

---

that would cover [agency] fees from the period from June 27, 2018 to August 31, 2018
($1.7 million) into an interest-bearing escrow account." (*Id.*)  Then, upon the Supreme
Court's ruling in *Janus*, the Union Defendants began the refund process and by August
13, 2018, Plaintiffs were refunded with 1.35% interest for the fees taken pre-*Janus*. (*Id.* ¶
5.)  In the "unlikely event fee deductions are inadvertently taken by districts in
subsequent payroll periods," the Union Defendants will refund them.  (Pan Decl. ¶ 13.)
On July 6, 2018, the Union Defendants' legal department issued an advisory to their staff
and affiliates explaining that the agency fee provisions in collective bargaining
agreements were null and void following *Janus*, and the language was removed via the
"severability and savings" clauses in the agreements. (Koen Decl. ¶¶ 5–7, Doc. 185-3.)
The California Attorney General agrees that *Janus* controls the collection of agency fees
in California, stating that it is "unambiguous" that collecting such fees is now
unconstitutional. (AG MTD Reply at 1.)

Thus, the parties all agree that *Janus* controls the Court's resolution of this case,
but they disagree about how the Court should resolve it.  Defendants argue that because
they are fully complying with *Janus*, have no intention of doing otherwise, and Plaintiffs
seek only prospective relief in their complaint, there is no live controversy, and the case
is moot and should be dismissed.  (*See* AG MTD at 1; Union MTD at 5.)  Plaintiffs argue
that *Janus* does not moot the case because the challenged California statute has not been
repealed and there is a possibility that such fees will be collected in the future by the
School District Defendants.  (Plaintiffs MTD Opp. at 1, 4.)  Plaintiffs argue that the Court
must grant them injunctive relief to ensure that fees are not collected in violation of
*Janus*, disgorge the Union Defendants of fees withdrawn post-*Janus*, and declare the
California agency-fee statute unconstitutional.  (*Id.* at 3–4; Plaintiffs SJ Mem. at 9.)

Accordingly, the narrow question presented by the motions is whether there is any
case or controversy following the Supreme Court's decision in *Janus*.[3]

---

[3] Though the Court rules only on Defendants' Motion to Dismiss, the briefs in support of
and in opposition to Plaintiffs' Motion for Summary Judgment address mootness as well.  Thus,
the Court will consider all of the briefs submitted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 17-202-JLS-DFM                              Date:  September 28, 2018
Title:  Ryan Yohn, et al., v. California Teachers Association, et al.

## II.    **LEGAL STANDARD**

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (internal quotations and citation omitted).  "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).  "The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Rosebrock*, 745 F.3d at 971 (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012).  But, voluntary cessation can yield mootness if the party asserting mootness can meet its "heavy burden" to show it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

When the government asserts mootness based on a policy change, "it must bear the heavy burden of showing that the challenged conduct cannot reasonably be expected to start up again." *Id.*  But, "courts presume that government entities act in good faith" when enacting policy changes. *Danielson v. Inslee*, NO. 3:18-cv-05206-RJB, 2018 WL 3917937, at *1 (W.D. Wash. Aug. 16, 2018).  "Although the Ninth Circuit has not set out a definitive test, mootness is 'more likely' where:

> (1) the policy change is evidenced by language that is broad in scope and unequivocal in tone; (2) the policy change fully addresses all of the objectionable measures that the Government officials took against the plaintiffs in the case; (3) the case in question was the catalyst for the agency's adoption of the new policy; (4) the policy has been in place for a long time ...; and (5) since the policy's implementation the agency's officials have not engaged in conduct similar to that challenged by the plaintiff[.]"

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 17-202-JLS-DFM                                    Date:  September 28, 2018
Title:  Ryan Yohn, et al., v. California Teachers Association, et al.

*Id.* at *1–2 (citing to *Rosebrock*, 745 F.3d at 971.)  "Conversely, mootness is unlikely
where a new policy 'could be easily abandoned or altered in the future.'" *Id.* at *2
(quoting *Bell v. City of Boise*, 709 F.3d 890, 901 (9th Cir. 2013)).

## III.    DISCUSSION

        In a case virtually indistinguishable from the present one, the Western District of
Washington recently granted the defendants' motion to dismiss on mootness grounds.
*Danielson*, 2018 WL 3917937.  It based its finding on declarations submitted by state
employees who manage the collective bargaining process attesting that the state had
ceased collecting agency fees and was fully complying with *Janus*. *Id.*  at *2.  Looking
to the *Rosebrock* factors, the *Danielson* court found "that there [was] no evidence that the
State equivocated in its policy change to discontinue collecting agency fees." *Id.*
Further, the court found that the policy change was clearly due to *Janus* and not
plaintiff's lawsuit, given the timing and reliance on *Janus* as the basis for the change. *Id.*
Moreover, "no evidence suggests the State has attempted to collect agency fees in
violation of *Janus*." *Id.*  "Finally, given the complexity of union bargaining negotiations
between the State and unions, and because the State has justified its new policy by the
shift in jurisprudence, not prevailing political winds, there is marginal likelihood that the
policy will be abandoned in contravention of *Janus*." *Id.*
        The Court finds *Danielson*'s reasoning persuasive and applicable here.
Defendants have submitted declarations and documentation showing that they are in
compliance with *Janus* and that their policy change is immediate and unequivocal.  Just
as in *Danielson*, Defendants are obviously changing their behavior because of the holding
in *Janus* and not because of this lawsuit.  Further, there is no evidence that they have
attempted to collect fees in violation of *Janus*, and in the unlikely event that some fees
are inadvertently collected, they attest that they will refund them.  Plaintiffs latch onto
this promise to argue that Defendants admit that improper collection of fees is possible
and that the Court must enjoin the Union Defendants from collecting fees.  (Plaintiffs
MTD Opp. at 4.)  Yet, the Union Defendants were merely reiterating their commitment to
comply with *Janus*; this does not create a controversy that can be redressed by the Court,

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  SACV 17-202-JLS-DFM                        Date:  September 28, 2018
Title:  Ryan Yohn, et al., v. California Teachers Association, et al.

_____

but rather reinforces its mootness.  Hence, there is not the "likelihood of irreparable injury" that is needed to grant injunctive relief.  Plaintiffs' request for disgorgement of fees also fails.  The fees deducted from paychecks prior to *Janus* for post-*Janus* pay periods have been refunded with interest.  Plaintiffs do not dispute this and there is thus nothing to disgorge.

Plaintiffs argue that because lower courts did not find challenges to marriage exclusion laws moot after *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), their case similarly is not moot.  (Plaintiffs MTD Opp. at 5.)  *Danielson* rejected the same argument, reasoning that "in the aftermath of *Obergefell*, there was reason to believe that some states would ignore the Supreme Court's binding precedent, unlike in this case, where the State Defendants readily admit *Janus*' applicability."  2018 WL 3917937, at *3; *see, e.g.*, *Strawser v. Strange*, 190 F. Supp. 3d 1078, 1081–83 (S.D. Ala. 2016) (finding case not moot where the Alabama Supreme Court had instructed lower courts to refuse to issue marriage certificates to same-sex couples.)  *Danielson* further distinguished the post-*Obergefell* cases because "*Janus* utilizes broad language in a lengthy discussion overturning precedent, unlike *Obergefell*, which at most summarily addresses conflicting precedent."  2018 WL 3917937, at *3.

In short, the standard for mootness is whether Defendants have shown it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."  The fact that other district courts found that defendants in various post-*Obergefell* cases failed to make that showing does not change the Court's conclusion here:  Defendants have credibly attested that they are fully complying with *Janus*, have ceased agency fee collection, and will not collect any such fees in the future.  Further, given that, prior to *Janus,* Defendants were merely following the 40-year-precedent of *Abood*, the Court sees no reason to doubt that Defendants will follow *Janus* as well.

Plaintiffs also argue that the case is not moot because "California has not yet repealed its agency-fee statute."  (Plaintiffs MTD Opp. at 9.)  Yet, as the court in *Danielson* noted, "[t]his argument relies on an erroneous view of voluntary cessation."  2018 WL 3917937, at *3.  While a statutory change would certainly render this case moot, a policy change can as well, "depending on whether the challenged conduct can be

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 17-202-JLS-DFM                     Date:  September 28, 2018
Title:  Ryan Yohn, et al., v. California Teachers Association, et al.

reasonably expected to recur." *Id.*  Accordingly, because the challenged conduct of collecting agency fees cannot be reasonably expected to recur, the case is moot.

Plaintiffs attempt to distinguish *Danielson* on the grounds that, unlike the defendants in that case, the school districts that employ Plaintiffs here "have not made any promise to this Court that they will cease enforcement."  (Plaintiffs SJ Reply at 1, 3–4, 11–12.)  This distinction is unavailing.  First, the school districts have entered into written agreements with the Union Defendants confirming that they have permanently ceased collecting agency fees because of the *Janus* decision.  (Supp. Koen Decl. ¶¶ 3–4, Doc. 191-2; Ex. A–F to Supp. Koen Decl.)  Further, prior to *Janus*, the school districts collected fees from employees based on a roster sent to them by the Union Defendants that listed all members and agency fee payers.  (Pan Decl. ¶ 5.)  Because the Union Defendants will not be sending the school districts rosters that include agency fee payers anymore, the schools districts will have no basis on which to collect agency fees.

Accordingly, Plaintiffs' claims are moot.

## IV.    <u>CONCLUSION</u>

Accordingly, the Court GRANTS Defendants' Motions to Dismiss without prejudice.  Plaintiffs' Motion for Summary Judgment is therefore DENIED as moot.

Initials of Preparer:  tg

---